**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alan Henry CULBERT a/k/a Martin**
**Estes et al., Defendant-Appellant.**

**Nos. 78–1501, 78–1491.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1979.

Michael H. Metzger, Stephen Heiser, San Francisco, Cal., Ivan Fisher, New York City, for defendant-appellant.

James J. McLaughlin, Washington, D. C., Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Before CARTER, BRIGHT,* and CHOY, Circuit Judges.

PER CURIAM:

Appellant Culbert appeals from his convictions for importation of marijuana, conspiracy to import marijuana, and conspiracy to distribute marijuana. He claims that certain evidence introduced at his trial was the "fruit" of searches of a rental truck and a ship, the O/S National, in violation of the fourth and fourteenth amendments and should have been suppressed. We affirm.[1]

In *Rakas v. Illinois*, —— U.S. ——, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Su-

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Appellant also contends that his conviction for false statements while applying for a passport is invalid because his arrest and conviction resulted from use of "fruits" of the allegedly illegal searches and seizures of the ship and truck. Because we conclude *infra* that appellant cannot properly challenge those searches and seizures, we reject his claim as to his passport conviction.

preme Court clearly stated that an individual cannot challenge a search on fourth or fourteenth amendment grounds where the purported challenger has no legitimate expectation of privacy in the premises or area invaded by the Government. *Id.* at ——, 99 S.Ct. 421 (majority opinion and Powell, J., concurring).

Appellant lacks the legitimate expectation of privacy required to challenge the instant searches and seizures. The district court found that appellant did not own the truck involved and that he was not present at the "search" of the truck. The district court further found that appellant's conduct manifested his intention to abandon the truck. Moreover, the district court found that appellant was not present at the time the O/S National was searched and did not own the vessel or its cargo of marijuana.[2] Finally, appellant was not charged with any crime involving possession of marijuana which might confer constructive possession upon him for purposes of challenging the searches and seizures. We conclude that appellant did not have any legitimate expectation of privacy as to the truck or the O/S National and its cargo. Thus he cannot challenge the searches and seizures involving the truck and O/S National as violating the fourth and fourteenth amendments.[3]

AFFIRMED.

---

**2.** Having carefully reviewed the record, we cannot say that the district court erred in these findings.

**3.** Thus we need not determine whether or not the searches and seizures complied with the strictures of the fourth and fourteenth amendments.